## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> THE BROADBENT COMPANY, INC. and WASHINGTON SHOPPES, LP, <br><br> Defendants. | Case No.: 1:25-cv-2614 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Washington Shoppes LP ("Washington Shoppes") and The Broadbent Company, Inc. ("Broadbent") (collectively "Defendants"), hereby remove to this Court the state-court action described below.

### THE STATE COURT ACTION

1. On November 26, 2025, Plaintiffs Travelers Property Casualty Company of America and St. Paul Fire and Marine Insurance Company (collectively, "Plaintiffs") filed in the Marion Superior Court of Marion County, Indiana, their complaint for declaratory judgment captioned *Travelers Property Casualty Company of America and St. Paul Fire and Marine Insurance Company v. The Broadbent Company, Inc. and Washington Shoppes LP*, Cause No. 49D01-2511-CE-05633 (the "State Court Action).

2. A true and accurate copy of the complaint in the State Court Action is attached hereto as Exhibit B.

3. A true and accurate copy of all process, pleadings, and orders in connection with the State Court Action are attached hereto as Exhibit A.

4. The complaint seeks declaratory relief from the state court, specifically "a declaration that the pollution exclusion in the Primary Policies numbered 1-7 and the Excess Policies numbered 12-15 and 17-19 precludes coverage for the IDEM Claim." *See* Exhibit B, PDF page 22.

5. The first date on which Defendants received a copy of the complaint was December 1, 2025, when they were served a copy. *See* Exhibit A, PDF pp. 1358-1367 (proofs of service).

6. Defendants have neither pleaded nor answered in the State Court Action.

## BASIS FOR REMOVAL

7. As admitted in the complaint, Plaintiffs are Connecticut corporations with their principal places of business in Hartford, Connecticut. (Compl. ¶¶ 6-7.)

8. At the time of the commencement of this action and at all times since, Broadbent was and is an Indiana corporation, organized under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana. (Compl. ¶¶ 8-9.)

9. Washington Shoppes is an Indiana limited partnership organized under the laws of the State of Indiana. Its partners are Washington Shoppes Management, Inc., the general partner, and Washington Shoppes Investments, LLC, the limited partner.

10. Washington Shoppes Management, Inc., is an Indiana domestic corporation organized under the laws of the State of Indiana.

11. Washington Shoppes Investments, LLC, is an Indiana limited liability company organized under the laws of the State of Indiana.

12. The sole member of Washington Shoppes Investments, LLC is George P. Broadbent.

13. George P. Broadbent is a citizen of Indiana.

14. Thus, complete diversity of citizenship exists between Plaintiffs and Defendants.

15. This Court, therefore, has original jurisdiction over this action under 28 U.S.C. § 1332 pursuant to the Court's diversity jurisdiction.

16. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

17. Accordingly, removal is proper pursuant to the provisions of 28 U.S.C. § 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## SATISFACTION OF PROCEDURAL REQUIREMENTS

18. This removal is timely under 28 U.S.C. § 1446(b) because this notice of removal is filed within 30 days of December 1, 2025 – the date on which Defendants received the complaint and within 30 days of the date on which Defendants first had notice that the case was removable. *See* Fed. R. Civ. P. 6(a)(1).

19. Further, removal is permitted pursuant to 28 U.S.C. § 1446(c)(1) as less than a year has passed since this suit began.

20. Removal to the United States District Court for the Southern District of Indiana is proper under 28 U.S.C. § 1446(a) because the Southern District of Indiana is the District and Division within which the State Court Action is pending.

21. After filing this notice of removal, Defendants will promptly serve written notice of this notice of removal on counsel for Plaintiffs ad file the same with the Clerk's Office of the Marion Superior Court of Marion County, Indiana, in accordance with 28 U.S.C. § 1446(d).

22.     The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present oral argument and further evidence, as necessary, to support their position that this case is removable.

**NON-WAIVER OF DEFENSES**

23.     By removing this action, Defendants do not waive any defenses available to them and do not admit any of the allegations in Plaintiffs' complaint. Nothing in this notice of removal should be taken as an admission that this Court has personal jurisdiction over Defendants, that venue is proper, or that Plaintiffs' allegations are sufficient to state a claim or have any substantive merit, nor do Defendants waive any rights to raise such challenges in this proceeding.

24.     A true copy of this Notice of Removal will be filed in the Clerk's Office of the Marion Superior Court of Marion County, Indiana.

WHEREFORE, Defendants Washington Shoppes LP and The Broadbent Company, Inc. respectfully request that this action proceed to the United States District Court for the Southern District of Indiana, as an action properly removed thereto.

Dated: December 30, 2025          Respectfully Submitted,

                                       */s/ David L. Guevara*
                                       David L. Guevara, Attorney No. 26388-49
                                       Laura R. Allaben, Attorney No. 38764-71
                                       TAFT STETTINIUS & HOLLISTER LLP
                                       One Indiana Square, Suite 3500
                                       Indianapolis, Indiana 46240
                                       Telephone: (317) 713-3500
                                       Email: dguevara@taftlaw.com
                                                      lallaben@taftlaw.com

                                       *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on December 30, 2025 a copy of the foregoing was filed electronically using the Court's e-filing system. Notice of this filing will be sent to parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system and/or PACER.

   I further hereby certify that on December 30, 2025, a copy of the foregoing was served via electronic mail upon the following persons:

| | |
|---|---|
| Kenneth C. Newa | Pamela A. Paige |
| PLUNKETT COONEY, P.C. | PLUNKETT COONEY, P.C. |
| 38505 Woodward Avenue, Suite 100 | 300 North Meridian Street, Suite 1250 |
| Bloomfield Hills, Michigan 48304 | Indianapolis, Indiana 46204 |
| Telephone: (248) 901-4000 | Telephone: (317) 964-2730 |
| Email: knewa@plunkettcooney.com | Email: ppaige@plunkettcooney.com |

              */s/ David L. Guevara*